UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WOODROW DAVID WILSON,

    Plaintiff,

v.

PTS OF AMERICA, LLC, *et al.*,

    Defendants.
_____/

Case No. 1:16-cv-1250

Hon. Paul L. Maloney

### REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought by a former state prisoner at a Michigan Department of Corrections (MDOC) facility pursuant to 42 U.S.C. § 1983. This matter is now before the Court on a motion to dismiss filed by defendant PTS of America, LLC ("PTS") (ECF No. 13). The motion is unopposed.

    **I.**    **Background**

The events giving rise to plaintiff's complaint occurred when he was extradited from a facility in Kentucky to the MDOC on a vehicle operated by PTS. Plaintiff's complaint named PTS, a PTS transportation agent and bus driver referred to as "Abram," and other unknown parties referred to as transportation agents. Plaintiff alleged that on November 17, 2015, when he was en route from Kentucky to Michigan, Abram subjected plaintiff to verbal and sexual harassment, which included: grabbing and parting plaintiff's legs while stating "just like I like them;" rubbing his buttocks against plaintiff's shoulder; pinching plaintiff's buttocks; and putting his arms around plaintiff neck while sitting in plaintiff's lap. Compl. (ECF No. 1, PageID.3). Plaintiff claims that defendants' actions violated his Eighth Amendment right to be free from cruel

and unusual punishment, as well as "15601 et seq." *Id*. at PageID.5.  Plaintiff seeks compensatory damages and punitive damages of $275,000.00.  *Id.* at PageID.6.  The only defendant which plaintiff identified and served, PTS, has moved to dismiss the complaint.

### III. Defendant's motion to dismiss

#### A. Legal standard

Defendant PTS brings this motion pursuant to Fed. R. Civ. P. 12(b)(6), which seeks dismissal for failure to state a claim upon which relief can be granted.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).  Finally, *pro se* complaints, like the one filed in this case, "are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed."  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted).

### B. Eighth Amendment claim

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Here, plaintiff seeks relief for alleged violations of his rights under the Eighth Amendment. The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). "The contemporary standards of civilized decency that currently prevail in society determine whether conditions of confinement are cruel and unusual." *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004), citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A court considering a prisoner's Eighth Amendment claim must ask both if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and if the officials acted with a sufficiently culpable state of mind. *Hudson*, 503 U.S. at 8.

The objective component requires the infliction of serious pain or failure to treat a serious medical condition. *Id*. at 8-9. To establish the objective component, extreme deprivations are required and only deprivations denying "the minimal civilized measure of life's necessities"

are grave enough to create a violation of the Cruel and Unusual Punishment Clause. *Hadix*, 367 F.3d at 525, citing *Hudson*, 503 U.S. at 9, and quoting *Rhodes*, 452 U.S. at 347.

The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). To establish the subjective component, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

PTS points out that plaintiff did not allege any wrongdoing against it. Plaintiff's complaint is directed at an individual whom plaintiff only identifies as "Agent Abram." Plaintiff's only claim against PTS would arise under vicarious liability for Abram's actions. Plaintiff has not alleged that PTS was a state actor. However, even if plaintiff had made that allegation, and the Court viewed PTS as a state actor (i.e., a private entity which contracted with the state to perform a traditional state function, *see Street v. Corrections Corporation of America*, 102 F.3d 810, 814 (6th Cir. 1996)), plaintiff's claim fails. Private corporations performing state functions cannot be held liable under § 1983 on a theory of vicarious liability. *See Street*, 102 F.3d at 817-818, citing *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Under the rule set forth in *Monell*, while a plaintiff may seek damages against a government entity (in that case a municipal corporation), those damages cannot be premised upon vicarious or *respondeat superior* liability. *Monell*, 436 U.S. at 691-93. Rather, a plaintiff must establish that a municipal custom, policy, or practice resulted in the deprivation of his constitutional rights. *Id*. at 690-91. Plaintiff has made

4

no such allegations. Accordingly, defendant PTS' motion to dismiss should be granted with respect to the § 1983 claim.

### C. Prison Rape Elimination Act claim

Plaintiff has also referred to a claim brought pursuant to "15601 et seq." Presumably, he is referring to the Prison Rape Elimination Act ("PREA"), 42 U.S.C. §§ 15601-15609.[1] Plaintiff's claim fails because he "has no independent cause of action for any Defendant's failure to comply with the Prison Rape Elimination Act." *Beeman v. Heyns*, No. 1:16-cv-27, 2016 WL 1316771 at *12, n. 4 (W.D. Mich. April 5, 2016) (citing *Montgomery v. Harper*, No. 5:14-CV-P38R, 2014 WL 4104163 at *2 (W.D. Ky. Aug. 19, 2014) ("Although not addressed in the Sixth Circuit, district courts have found that the PREA does not create a private cause of action which can be brought by an individual plaintiff."). *See also*, *McCloud v. Prack*, 55 F. Supp. 3d 478, 482 (W.D.N.Y. 2014) ("[n]othing in the statute suggests that PREA intended to establish a private cause of action for allegations of prison rape, and every court to address the issue has determined that PREA cannot support such a cause of action by an inmate") (internal quotation marks omitted); *Barhite v. Berghuis*, No. 1:14-cv-670, 2014 WL 4627166 at *5 (W.D. Mich. Sept. 15, 2014) ("Plaintiff's request is predicated on the assumption that the PREA provides him a cause of action for Defendants' alleged sexual assaults. It does not."). Accordingly, plaintiff's claim for relief under PREA should be dismissed.

### IV. Plaintiff's claims against the unserved and unidentified defendants

As discussed, plaintiff did not file a response to defendant PTS' motion to dismiss. Plaintiff has neither identified, served nor taken any action against the remaining unknown defendants, including the one referred to as "Abram." Based on this record, the Court could

---

[1] The Court notes that effective September 1, 2017, this statute has been transferred to 34 U.S.C. § 30301 *et seq*.

5

dismiss plaintiff's complaint without prejudice for failure to serve defendants within the 90-day time limit as required by Fed. R. Civ. P. 4(m) and for want of prosecution pursuant to W.D. Mich. LCivR 41.1.

However, plaintiff's complaint should be dismissed on the merits because it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (if a plaintiff is allowed to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii) fails to state a claim on which relief may be granted[.]"); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir.2010) (the *Iqbal* plausibility standard applies when dismissing a claim under§ 1915(e)(2)(B)(ii)). Plaintiff has alleged minor incidents of sexual touching coupled with offensive sexual remarks. Such actions do not rise to the level of an Eighth Amendment violation. *See, e.g., Solomon v. Mich. Department of Corrections*, 478 Fed. Appx 318, 320-21 (6th Cir. 2012) (two brief incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, do not rise to the level of a constitutional violation); *Jackson v. Madery*, 158 Fed. Appx. 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354 at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault); *accord Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006); *Boddie v. Schneider*, 105 F.3d 857, 859-61 (2d Cir. 1997) (court dismissed as inadequate prisoner's claim that female corrections officer made a

6

pass at him, squeezed his hand, touched his penis, called him a "sexy black devil," pressed her breasts against his chest, and pressed against his private parts).  Accordingly, plaintiff's remaining claims should be dismissed.

## V.      Recommendation

For the reasons set forth above, I respectfully recommend that defendant PTS' motion to dismiss (ECF No. 13) be **GRANTED**, that all other defendants be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and that this case be **TERMINATED**.


Dated:  January 22, 2018                               /s/ RAY KENT
                                                       United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).